IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Milton L. Bickham,                                                          Case No. 3:15CV1547

        Plaintiff

   v.                                                                                  **ORDER**

Impact Employment Solutions, Inc.,

        Defendant

This is an employment-discrimination case under Title VII of the Civil Rights Act of 1963, 42 U.S.C. § 2000e(a)(1).

The plaintiff, Milton L. Bickham, is a former employee for the defendant, Impact Employment Solutions, Inc. (IES). In 2015, IES fired Bickham for "talking to [his] relief person" and without conducting an investigation. (Doc 1-1 at 10). Following the discharge, Bickham brought this suit alleging IES discriminated against him on the basis of race and unlawfully retaliated against him.

Pending is IES's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 16). For the reasons that follow, I grant the motion with prejudice.

**Background**

On January 5, 2015, around 4:30 in the afternoon, Bickham arrived at work. He was early for his twelve-hour shift; he stopped at the cafeteria. He ordered a hamburger and demanded melted cheese. When the cook asked Bickham how she was supposed to melt the cheese, he

responded angrily, stating that if a hamburger is hot the cheese would naturally melt. The cook refused to give him the hamburger.

Bickham also claims his termination followed his report of an altercation between two co-workers.. (Doc 1-1 at 10).

After these incidents and being fired, Bickham filed his complaintt in the Lucas County, Ohio, Court of Common Pleas; he alleges that IES fired him on the basis of race. He also alleged that he lost his job in retaliation for the cafeteria incident and for reporting the co-workers' dispute.

IES removed the case to this court on the basis of federal-question jurisdiction.

## Standard of Review

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## Discussion

IES argues that Bickham's "Statement of Facts and Supplement set forth no facts that would establish a cognizable claim." (Doc. 16 at 3).

Employers violate Title VII when they "discharge any individual . . . because of such individual's race, color, religion, or national origin". 42 U.S.C. § 2000e(a)(1). Employers unlawfully retaliate against an employee when a causal connection exists between an employer's

adverse acts against an employee and that employee's protected interested under Title VII. *Muhall v. Ashcroft*, 287 F.3d 543, 551 (6th Cir. 2002).

Bickham's complaint does not plausibly allege that IES discriminated due to his race. Neither his dispute with the cook nor his reporting an argument between coworkers has anything to do with his race.

Likewise, Bickham's complaint does not plausibly allege that IES retaliated against him. He has not alleged that he engaged in a protected activity or that there is a causal connection between that activity and his firing. Thus, he has not stated a viable retaliation claim.

In short, nothing in Bickham's complaint entitles.

## Conclusion

It is, therefore,

ORDERED THAT defendant's motion to dismiss (Doc. 16) be, and the same hereby is, granted with prejudice.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge